**Date signed February 23, 2005**



PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ANDREW KISSINGER | : | Case No. 03-20598PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | | |
| JOY HART | : | |
| Plaintiff | : | |
| vs. | : | Adversary No. 04-1883PM |
| | : | |
| ANDREW KISSINGER | : | |
| Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -: | | |

### MEMORANDUM OF DECISION

This Complaint objecting to the Debtor's discharge was filed by a person who has known the Debtor since early childhood and who described herself as a close friend of Debtor's mother.  Pursuant to a contract between the Debtor and the plaintiff dated February 5, 2002,  that appears as Exhibit 1, in consideration of the sum of $200,000.00, she sold him the corporate stock of an entity known as Cleaning Unlimited, Inc., a commercial cleaning business.  Included in the assets of the corporation was tangible property consisting of a computer, a printer, two ladders, two buffers, a copier, a 1988 Toyota 4-Runner, business records, existing contracts and assignable insurance, as well as the trade name. Not included was the telephone number used. The Plaintiff had formed another corporation with the name of Cleaning Unlimited II on July 2, 2001.

The Complaint was filed in three Counts.  The Plaintiff abandoned Count I of the Complaint under § 727(a)(3), the failure to keep or preserve books and records.  Count II seeks denial of discharge based on a knowing and fraudulent statements under oath, namely, omitting the Plaintiff as a creditor on Schedule F and failing to disclose his operation of his business.  Count III is filed under § 727(a)(5), the failure to explain satisfactorily the loss of the assets of the business.

The Debtor paid lump sum payments aggregating $75,000.00 and made monthly payments of $1,600.00 until August, 2003.  At this point, Debtor appears to have lost interest in the business.  He is an admitted substance abuser, and whether this habit lead to his lack of interest or to the two automobile accidents in August, 2003, that totalled the 4-Runner and hospitalized him is a question this court need not answer.  In any event, from the court's observation of the Debtor in open court and from the letters from former clients offered in evidence by the Plaintiff, the court finds that, through his lack of attention to the business and to the concerns of his valuable clients and their dissatisfaction with his incompetent handling of their work, he lost these clients.  The business failed.  Because of Debtor's personal problems, and perhaps his personal injury, Debtor was unable to render the quality of service for the caliber of clients that he dealt with.

The Complaint seems to confuse corporate property with the loss of assets by the Debtor.  He owned stock, not the buffers, ladders and 1988 motor vehicle.  What happened to the corporate stock is that the corporate charter was forfeited.  Plaintiff had to be aware of this fact, because at all times pertinent she was the registered agent of the corporation.  The value of Cleaning Unlimited, Inc., was not in the modest collection of tangible property conveyed, but rather in the intangibles of the ongoing contracts and good will that Plaintiff had built up that the Debtor frittered away.  The court finds that there has been a satisfactory explanation for the failure and loss of assets of the business.

The court finds as a fact that the Plaintiff has not proven by preponderance of the evidence that the false oaths in this case, namely, the omission of the Plaintiff from Schedule F and the omission of the corporate stock of the failed business from Schedule B, were done knowingly and fraudulently.  There are three reasons for this finding that the failure to schedule Joy Hart was not done with fraudulent intent.  First the answer to Question 4 on Debtor's Statement of Financial Affairs described the action filed by the Plaintiff then pending in the

Circuit Court for Montgomery County, Maryland.  It was not ignored.  The court finds that failure to schedule Joy Hart as a creditor was a matter of carelessness, nothing more.  Second, the filing of this bankruptcy case was made known to Plaintiff's counsel in state court in sufficient time to enable Plaintiff to file a timely motion to extend the time for filing an appropriate complaint.  That was done.

Next, even assuming that the Plaintiff did not have knowledge of the filing of the case prior to the bar date for filing a proof of claim under 11 U.S.C. § 523(a)(2), 523(a)(4) or 523(a)(6), she was enabled by 11 U.S.C. § 523(a)(3)(B) to file a claim for similar relief.  Thus, the failure of the Plaintiff to see that she was scheduled as a creditor accomplishes nothing.[1]  The court cannot find that this forms the basis for a finding of knowingly and fraudulently making a false oath under 11 U.S.C. § 727(a)(4).  If the debt were not of a sort encompassed by

---

[1]      The false oath in failing to list the Plaintiff as a creditor is brought pursuant to § 727(a)(4)(A) of the Bankruptcy Code that provides:

**11 U.S.C. § 727.  Discharge**
(a) The Court shall grant the debtor a discharge, unless--
       (4) the debtor knowingly and fraudulently, in or in connection with the case--
              (A) made a false oath or account.

Section 523(a)(3) of the Bankruptcy Code deals with the failure to list creditors.  That section provides:

**11 U.S.C. § 523.  Exceptions to** discharge
(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt--
       (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
              (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
              (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

§§ 523(a)(2), (a)(4) or (a)(6), then the failure to schedule the creditor does not result in that debt not being discharged. *See In re Harmon*, 213 B.R. 805 (BC Md. 1997); *In re Stecklow*, 144 B.R. 314 (BC Md. 1992). An appropriate order will be entered.

There remains the issue of sanctions to be imposed on account of the failure of the Debtor to comply with the discovery requests made. While the Amended Scheduling Order provided a cutoff for discovery by November 26, 2004, the certificate regarding discovery filed on December 16, 2004, describes service on the previous day of Plaintiff's interrogatories and requests for admissions and requests for production of documents. The court accepts the argument of Plaintiff that these requests were made a couple of months before and that it was only the certificate that was filed after the bar date for discovery. Because of a combination of circumstances, including the failure of Defendant and his counsel to keep in touch with one another and to provide their current addresses on the court records, the discovery requests were not complied with. The court believes that sanctions should be imposed.

Finally, the court will relieve the Defendant from the consequences of the deemed admission of facts. These related primarily to the issue of records and property that the court addressed earlier in this opinion. After careful consideration of the record, the court will impose sanctions upon the Defendant of $950.00 for the expenses incurred by the Plaintiff in connection with the discovery dispute. A separate order will be entered.

cc:
Joy Hart, 19313 Frenchton Place, Gaithersburg, MD 20886
Richard B. Rosenblatt, Esq., 30 Courthouse Square, Suite 302, Rockville, MD 20850
Andrew Kissinger, 5647 Queen Anne Court, New Market, MD 21774
E. Keith Eckloff, Esq., 2709 Murray Hill Pike, Louisville, KY 40242
United States Trustee, 6305 Ivy Lane, #600, Greenbelt  MD  20770
Michael G. Wolff, Trustee, 11300 Rockville Pike, Suite 408, Rockville, MD 20852

**End of Memorandum**